19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leo OSWALD, Plaintiff-Appellant,
v.
Officer EVANS, Defendant-Appellee.
 No. 92-2511.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH; Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Robert Oswald filed this prisoner civil rights action in the district court pursuant to 42 U.S.C. Sec. 1983, alleging violations of his Fourth Amendment right to be free from unreasonable searches and seizures and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff acted pro se in both the district court and before this court. The district court granted defendant's motion for summary judgment, and plaintiff appeals. Plaintiff challenges only the district court's resolution of the Fourth Amendment issue.
 
 I.
 
 2
 Plaintiff alleges that on October 23, 1990, defendant ordered him to leave the chow hall after he had been there for only twenty minutes. According to plaintiff, he was allowed forty minutes. Defendant handcuffed plaintiff and began escorting him to the control center. Plaintiff contends that Evans pushed and shoved him in retaliation after plaintiff asked what he had done wrong.
 
 
 3
 After reaching the control center, Evans and another guard took plaintiff to a smaller room and strip searched him. Plaintiff contends that this search included a full body cavity search. Plaintiff maintains that prison regulations allow such a search only in the presence of a doctor. After the search, plaintiff was placed in a cage in the control center for approximately two and one half hours. Plaintiff was told he was being detained while his cell was searched, but he contends that when he returned to his cell there was no evidence that it had been searched.
 
 
 4
 Defendant moved for summary judgment, and the district court referred the motion to a magistrate judge for report and recommendation. The magistrate judge concluded that defendant was entitled to summary judgment, as plaintiff had not shown that any justiciable issue remained for trial. Plaintiff filed objections to this report and recommendation, but the district court concluded that the magistrate judge had reached the correct conclusion and adopted the report and recommendation.
 
 II.
 
 5
 We review a grant of summary judgment de novo and we use the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Under Fed.R.Civ.P. 56(c), summary judgment is proper if all the evidence before the district court " 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings, and by affidavits, or by " 'depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)).
 
 III.
 
 6
 The two pro se briefs plaintiff has filed in this court make it clear that he is contesting the district court's grant of summary judgment only on the search issue. Indeed, in his reply brief, plaintiff states, "[t]his appeal is based on Defendant-Appellee explaining why this body cavity search happened and why a doctor was NOT present." Reply Br. at 2. In his opening brief, plaintiff argued that the district court failed to consider important grounds warranting relief. Specifically, he stated:
 
 
 7
 There was a full body cavity search, and not a visual body cavity search. A body intrusion (full body cavity search) is anything or place not normally seen. To ask me to open my mouth wide, told again wider, and to move my tongue around, is NOT a place normally seen, thus it becomes a body intrusion. When I was naked ... I was told to turn around, bend over and spread the cheeks of my [rear]. My rectom [sic] is NOT a place normally seen, thus it becomes a body intrusion and both of these put together become a "full body cavity search."
 
 
 8
 Br. at 1.
 
 
 9
 The Supreme Court has upheld the constitutionality of visual body cavity searches. Bell v. Wolfish, 441 U.S. 520, 558-60 (1979). The search conducted in the present case is consistent with the search approved of in Bell. Plaintiff, however, contends that defendant violated state regulations by not having a physician present at the time of the search.
 
 
 10
 Generally, violation of a state regulation does not amount to a federal constitutional violation. Hewitt v. Helms, 459 U.S. 460, 469-70 (1983). A state may, however, create a liberty interest by using language which makes specific procedures mandatory rather than discretionary. Id. This court need not decide whether Michigan has created such a liberty interest. The Michigan Department of Corrections has issued a policy directive, PD-DWA-30.05, discussing the various types of searches. This policy directive defines a body cavity search as a "[s]earch which involves physical intrusion into a body cavity by the person conducting the search." PD-DWA-30.05 at p. 2. A strip search is defined as a
 
 
 11
 [v]isual inspection of all body surfaces of a person who has been required to remove all or most of his/her clothing and jewelry for purposes of the search; includes visual inspection of the mouth, ears, nasal cavities, and the entrance to the vagina and rectal cavity. The person will be required to bend and spread his/her buttocks ... to allow inspection. All clothing and articles which are removed shall also be inspected for contraband.
 
 
 12
 Id.
 
 
 13
 Plaintiff's description of his search fits precisely within the state's definition of a strip search. Plaintiff has not alleged any physical intrusion into any of his body cavities. Thus, even on the face of plaintiff's claims, he cannot show that defendant violated MDOC regulations. Accordingly, plaintiff has not demonstrated either a violation of his constitutional rights or of any Michigan regulation.
 
 IV.
 
 14
 For the foregoing reasons, the decision of the district court is AFFIRMED.